RICHARD L. GOTHEINER ET AL., PLAINTIFFS, v. WALTER A. LENIHAN, DEFENDANT.

Decided March 4, 1942

For the plaintiffs, *Leslie L. Vanderbilt.*

For the defendant, *McDermott, Enright & Carpenter* (*James P. Beggans,* of counsel).

WILLIAM A. SMITH, S. C. C. This matter was submitted to the court on two motions, one by the plaintiffs and one by the defendant, and there are raised two general questions having to do with the application of the statute of limitations.

The action is brought to recover damages on account of an automobile accident which happened on September 17th, 1938, and of course that is the date on which the cause of action accrued. The suit was instituted on December 13th, 1940, more than two years after the accrual of the cause of action. The plaintiffs are residents of this state and the defendant is a non-resident. Service was obtained on the defendant through the Commissioner of Motor Vehicles in accordance with the statute, *R. S.* 39:7-2; *N. J. S. A.* 39:7-2.

Without specifically referring to the provisions of ·the answer and reply, let it suffice to say that both parties, the

plaintiffs in their reply and the defendants in their answer, have reserved the right under point of law to move at or before the trial for the determination of the questions involved.

The questions involved are first whether or not the statute of limitations is a bar to this action, and second, if it is, whether the defense of fraud and covin pleaded in reply to the answer setting up the statute of limitations, as charged by the plaintiffs against the defendant, postponed or extended the operation of the statute.

On the question as to the plea of the statute of limitations as set up by the defendant, the plaintiff replies that the defendant was not a resident of the State of New Jersey when the cause of action accrued but was a resident of the State of Pennsylvania, at which place he was served with the summons and complaint by the Commissioner of Motor Vehicles of New Jersey, and that therefore the statute of limitations, R. S. 2:24-2; N. J. S. A. 2:24-2, requiring that all actions of this character shall be commenced within two years does not apply because, by R. S. 2:24-7; N. J. S. A. 2:24-7, if the person against whom the cause of action may exist is not a resident of this state when such cause of action accrued, the time or times during which such person is not resident within this state shall not be computed as part of the period of time, within which such actions are required to be commenced by the section hereinbefore mentioned, and permits the commencement of the action after the accrual thereof with the period limited, exclusive of such time or times of non-residency.

No rejoinder is filed by the defendant putting at issue the allegation of the non-residence of the defendant, so we may assume that the defendant's non-residence is admitted.

Applying the plain wording of the statute of limitations to this cause of action, it would appear that the statute of limitations had not tolled at the time the action was commenced as the defendant was a non-resident. It is urged, however, that by reason of the fact that service was obtained through the Commissioner of Motor Vehicles under the provisions of the Motor Vehicle Act, that the non-resident should be given

the benefits of a resident with regard to the application of the statute.

The service, as has been stated in this action, was made on the defendant through the Commissioner of Motor Vehicles under the provisions of *R. S.* 39 :7-2; *N. J. S. A.* 39 :7-2. This act, in effect, makes non-resident operators or owners authorize the Commissioner of Motor Vehicles to be their agent for the acceptance of service of process, and the act by its subsequent sections provides how service shall be handled. The act, *R. S.* 39 :7-2; *N. J. S. A.* 39 :7-2, provides as to the effect of the service on the Commissioners as follows: "That any such process against him or them which is so served shall be of the same legal force and validity as if served upon him or them personally." The service was made in this case as provided by this statute. The effect of this service as stated in the act, *R. S.* 39 :7-2; *N. J. S. A.* 39 :7-2, is that it is the same as if the summons and complaint were served on the defendant personally within this state. If service had been made in this case upon the non-resident in this state on the date the Motor Vehicle Commissioner was served, the statute of limitations would have tolled under the provisions of *R. S.* 2 :24-7; *N. J. S. A.* 2 :24-7, which has been heretofore referred to with regard to the limitation as to non-residents.

There has been no decision that I can find in this state which is dispositive of the question here raised, although in other states the question involved has been disposed of both in favor of the tolling of the statute and against the tolling of the statute. It has been urged on the one hand that the Motor Vehicle Act did not in its express terms make any exception to the tolling of the statute, and that the statute of limitations is not modified by reason of the provisions of the Motor Vehicle Act with regard to service.

On the other hand it has been held that the statute having made the defendant subject to service as if personally within the state from the time the cause of action arose, he should not be penalized by being deprived of the benefits of the statute of limitations.

I will not attempt in this decision to analyze the cases in

the foreign states bearing on this question. So reference may be had to them, I think it will suffice to refer to the case of *Nelson* v. *Richardson, 295 Ill. App.* 504; 50 *N. W. Rep.* (*2d*) 17, which seems to be a very recent case passing on the question, and also to the case of *Bode* v. *Flynn, 213 Wis.* 509. The report of this case in 94 *American Law Reports Annotated* (at *p.* 480), lists a very complete collection of cases in the various jurisdictions of this country. The reporter in 94 *American Law Reports* 408 expresses the opinion that the majority of cases hold that the tolling of the statute does not apply to this character of case.

It is my view, however, that I should not attempt to read into either of these statutes something which the legislature has not put there. I would feel that I was in effect attempting judicial legislation. Any unfairness that this situation works against the non-resident defendant who is obliged to be subject to service, is a matter to be remedied by the legislature and not by the courts.

It must be borne in mind that the provision as to the tolling of the statute is primarily for the benefit of the residents of this state and it does not affect the cause of action, but only affects the right to prosecute the action in this state.

Both sides having reserved the right to have the court pass upon this question at or before the trial, rule 40 I think would apply; and it would also seem that as Supreme Court Commissioner I would have the right to determine this question under rule 94 with regard to the settlement of issues, and it therefore may be considered that the question raised is here determined and that the reply of the plaintiff that the defendant was not a resident within this state at the time the cause of action arose, is a bar to the defendant's applying the statute of limitations.

With regard to the second question raised, the defendant has moved that the allegations of the plaintiff's first separate reply to the first, second, third and fourth separate defenses, be stricken on the ground that this amended reply is sham, as appears by the records of the court, and the records of the Essex County Circuit Court in an action instituted by the

plaintiffs against the defendant herein and one Edward Holland; and on the further ground that the allegations of said amended reply are insufficient in law by the records of this court and the record of the Essex County Circuit Court.

This first separate reply charges that the delay in bringing this action was due solely to the fraud and covin of the defendant, his agent or servant; that such fraud was not constructive but actual fraud produced by affirmative acts on the part of the defendant, his agents or servants in and among other things, by false pretenses and false promise of settlement of the issue; that plaintiff was induced to postpone the placing of the claim in the hands of an attorney and instituting suit right up to the end of the two-year period within which plaintiff might have instituted a cause of action; and further charges that the relationship between the plaintiffs and the defendant was one of trust and confidence in the acts of the defendant of acknowledging the claim, making promises as recently as the end of the two years, that the case would be adjusted and suit would not be necessary; and the plaintiff's reliance upon said promises are all facts which prevent the bar of the statute of limitations from attaching herein.

The defendant produces the record which has been referred to in the action in the Essex County Circuit Court. It is an action covering the same cause of action as is here brought, and it appears by said record that the action was instituted on the 16th day of September, 1940, which is one day previous to the expiration of two years from the date of the accident involved, namely, September 17th, 1938.

The argument made by the defendant is that the fraud, if it existed, was not relied upon by the plaintiffs, as they instituted their suit within the statutory period. In this I agree with them, and therefore it appears as a matter of record that the other action was instituted within the statutory period.

It may be questionable whether I at this time should make any order with regard to this separate reply to the defense of the statute of limitations. I think, however, under rule 40 and under rule 94, which gives the Circuit Court judges acting as Supreme Court Commissioners the right to make deter-

minations regarding settlements at issue, that I may determine that the institution of the suit in the Essex Circuit Court within time by the plaintiffs against this defendant sufficiently establishes that the fraud set up in this separate defense is not a bar, even if established at the trial, to the plea of the statute of limitations.

I think on settling the order this may be incorporated therein as a determination of this issue.

The application to strike out the plaintiffs' second separate reply to the first, second, third and fourth separate defenses will be denied.