72 N.J. Super. 519 (1962)
179 A.2d 74
ANTHONY FERRARO, PLAINTIFF,
v.
FERRO TRUCKING CO., INC., A CORPORATION, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided February 14, 1962.
*520 Mr. Arthur C. Gundersdorf for plaintiff.
Mr. H. Curtis Meanor for defendant (Messrs. Lamb, Langan & Blake, attorneys).
PINDAR, J.S.C.
This is a motion to dismiss count 1 of the complaint, involving a personal injury action arising out of a motor vehicle accident which occurred in New Jersey on June 25, 1958. Both plaintiff and defendant *521 are residents of New York. Plaintiff alleges that his injuries were caused by the negligent operation of a vehicle owned by defendant and driven by its agent. Defendant, being a foreign corporation not duly authorized to transact business in New Jersey, was personally served on March 3, 1961 through the Director of Motor Vehicles in accordance with R.S. 39:7-1 et seq.
Defendant now makes this motion predicated on the ground that the personal injury claim is barred by the statute of limitations (N.J.S. 2A:14-2) since the action was not commenced within the required two-year period. Plaintiff does not dispute this latter fact but urges that under the provisions of N.J.S. 2A:14-22 the statute of limitations is tolled and the aforementioned limitation not controlling. Defendant contends that the tolling of the statute is for the benefit of residents only and therefore not available to this plaintiff.
The questioned tolling statute, as amended, states:
"If any person against whom there is any of the causes of action specified in sections 2A:14-1 to 2A:14-5 and 2A:14-8, or if any surety against whom there is a cause of action specified in any of the sections of article 2 of this chapter, is not a resident of this state when such cause of action accrues, or removes from this state after the accrual thereof and before the expiration of the times limited in said sections, or if any corporation or corporate surety not organized under the laws of this state, against whom there is such a cause of action, is not represented in this state by any person or officer upon whom summons or other original process may be served, when such cause of action accrues or at any time before the expiration of the times so limited, the time or times during which such person or surety is not residing within this state or such corporation or corporate surety is not so represented within this state shall not be computed as part of the periods of time within which such action is required to be commenced by the section. The person entitled to any such action may commence the same after the accrual of the cause therefor, within the period of time limited therefor by said section, exclusive of such time or times of nonresidence or nonrepresentation." (Emphasis added)
In using the highways of this State defendant corporation impliedly consented to make the Director of Motor *522 Vehicles "its agent for the acceptance of process in any civil action * * * arising out of or by reason of any accident or collision occurring within this State in which any such motor vehicle, so driven or caused to be driven within this State is involved." N.J.S.A. 39:7-2(b) is more fully set forth as follows:
"Any person or persons, not being a resident or residents of this State or any corporation or association, not incorporated under the laws of this State and not duly authorized to transact business in this State, who by his, their or its agent or servant, shall cause to be driven upon any public highway of this State, any motor vehicle which is not registered in this State to be driven upon the public highways thereof, pursuant to the laws thereof, whether or not the driver thereof shall be licensed to drive a motor vehicle upon the public highways of this State; shall, by the operation of such motor vehicle, or by causing the same to be operated, within this State, make and constitute the Director of the Division of Motor Vehicles in the Department of Law and Public Safety, his or their or its agent for the acceptance of process in any civil action or proceeding, issuing out of any district court, County court, or other court of civil jurisdiction against any such person or persons, corporation or association arising out of or by reason of any accident or collision occurring within this State in which any such motor vehicle, so driven or caused to be driven within this State is involved." (Emphasis added)
Specifically, plaintiff argues that defendant corporation "is not represented in this State by any person or officer upon whom summons or other original process may be served," and therefore N.J.S. 2A:14-22 is applicable. He urges that "any person or officer" is limited here to a general agent upon whom process may be served in any and every cause of action arising against defendant, as opposed to the statutory agency authorization established under R.S. 39:7-1 et seq.
In support plaintiff cites Whalen v. Young, 28 N.J. Super. 543 (Law Div. 1953), reversed on other grounds 15 N.J. 321 (1954); Gotheiner v. Lenihan, 20 N.J. Misc. 119, 25 A.2d 430 (Sup. Ct. 1942); Blackmon v. Govern, 138 F. Supp. 884 (D.N.J. 1956).
*523 But plaintiff's position becomes somewhat inconsistent when he contends that the tolling statute should not be restricted so as to exclude nonresident plaintiffs; he maintains that both come within the broad language which states "the person entitled to any such action may commence the same," exclusive of the non-tolling effect in the face of defendant's divergent status with "any corporation * * * not represented in this State by any person * * * upon whom summons or other original process may be served."
The case of Blackmon v. Govern, supra, does not lend support to plaintiff's contention since the federal court was obliged to follow the local precedent of the two aforementioned New Jersey cases (Whalen, supra, and Gotheiner, supra).
Nor is Gotheiner v. Lenihan, supra, controlling since there the defendant was an individual nonresident. Moreover, the tolling statute at that time (prior to the 1949 amendment) merely applied to any person "not a resident of this state when such cause of action accrues, or removes from this state after the accrual thereof," and did not make any reference to a corporation represented (or not represented) in this State.
However, Whalen v. Young, supra, is directly in point. There the court held that although personal service was made on the defendant corporation under N.J.S.A. 39:7-2, nevertheless this single and particular device for service did not make the corporation so represented in this State within the meaning of N.J.S. 2A:14-22 to cause a running of the statute of limitations.
Trial court precedent is not to be considered lightly, but in the absence of an appellate authority in New Jersey, this court is not obliged to follow it. See Smith v. Brennan, 31 N.J. 353, 361 (1960); Barry v. Wallace J. Wilck, Inc., 65 N.J. Super. 130, 133, 135 (App. Div. 1961). Moreover, the cited precedents do not indicate that reasons hereafter stated were considered.
*524 The clear weight of authority throughout the country is contrary to this precedent decision (see 94 A.L.R. 485 (1935); 119 A.L.R. 859 (1939); 17 A.L.R.2d 502 (1951)), and it is felt that in the posture sub judice the majority rule is sound and persuasive for several reasons:
(1) Defendant, by virtue of N.J.S.A. 39:7-2, was amenable to personal service at all times since the accrual of the cause of action.
(2) Plaintiff does in fact now make service (after two and a half years) through the Director of Motor Vehicles as agent of defendant.
(3) Litigation should be expedited to the end that every cause and party receive prompt, full and judicious determination of all issues on the merits, and the statute of limitations is designed for this purpose as an established legislative policy.
(4) To suspend the statute of limitations in this instance would permit a plaintiff to defer service indefinitely  defendant's residence is not now and evidently will not likely ever be established here  when the opportunity for service remains continuously open, and allow a plaintiff to await a propitious time when witnesses or parties are unavailable, thereby effectively depriving a defendant of any just defense it may have and condone resulting unjustness in the case of unwarranted delay.
(5) The purpose of a tolling statute is to prevent a bar to plaintiff's cause of action when he has been unable to obtain a valid judgment because defendant was not available for service.
(6) The legislative intent derived from the plain meaning of the statutes (N.J.S.A. 39:7-2 and N.J.S. 2A:14-22) was that the designation of the Director of Motor Vehicles is sufficient representation within the State to make the tolling provision inapplicable. Both situations must be regarded together to reach the actual policy of such legislation, and construed so as to give effect to the intent of the Legislature.
*525 In respect to this last reason it is well to note that the service upon the Director of Motor Vehicles as "agent for acceptance of process" is to have the same legal force and validity as if served upon defendant personally. Whereas, the statute of limitations is tolled (N.J.S. 2A:14-22) when a corporation "is not represented in this State by any person or officer upon whom summons or other original process may be served." It is considered that there is no usurpation of the legislative function to hold that "any person" is broad enough to include the designation under N.J.S.A. 39:7-2.
Review has developed that only four jurisdictions hold that the statute of limitations is suspended during the absence of a nonresident motorist, regardless of his amenability to service of process. Staten v. Weiss, 308 P.2d 1021 (Idaho Sup. Ct. 1957); Couts v. Rose, 152 Ohio St. 458, 90 N.E.2d 139 (Sup. Ct. 1950); Macri v. Flaherty, 115 F. Supp. 739 (E.D.S.C. 1953); Bode v. Flynn, 213 Wis. 509, 252 N.W. 284 (Sup. Ct. 1934). It is noteworthy that in each of these jurisdictions the tolling statute interpreted by the court did not contain the proviso respecting lack of representation within the state (as provided by the 1949 amendment to N.J.S. 2A:14-22). The result in the often cited New York case of Maguire v. Yellow Taxicab Corp., 253 App. Div. 249, 1 N.Y.S.2d 749 (App. Div. 1938), affirmed without opinion 278 N.Y. 576, 16 N.E.2d 110 (Ct. App. 1938), was changed by statutory amendment in 1943. There the court held the designation comprehended by the tolling statute did not include the involuntary appointment which the Vehicle and Traffic Law of New York creates. Now the tolling statute of that state expressly provides for both voluntary and involuntary designations. Fuller v. Stuart, 3 Misc.2d 456, 153 N.Y.S.2d 188 (Sup. Ct. 1958); Guastella v. Reichenback, 208 Misc. 887, 145 N.Y.S.2d 696 (Sup. Ct. 1955).
Considering that this cause of action arose in New Jersey, together with the broad language of N.J.S. 2A:14-22, *526 the court has assumed for the purpose of the above determination that a nonresident plaintiff may utilize the benefits thereof to suspend the running of the statute of limitations. But for the reasons hereinbefore mentioned such nonresident, by force of N.J.S.A. 39:7-2, is controlled, in the instance of a claim for personal injuries, by the limitation of two years after the accrual of the cause of action. N.J.S. 2A:14-2.
Accordingly, the motion for dismissal of count 1 of the complaint will be granted, but without costs.
Counsel should present conformable order.