41 N.J. 295 (1963)
196 A.2d 523
ROSE B. LEMKE AND PERCIVAL E. LEMKE, PLAINTIFFS-RESPONDENTS,
v.
JENNIE D. BAILEY AND WALTER P.D. BAILEY, DEFENDANTS-APPELLANTS.
The Supreme Court of New Jersey.
Argued October 22, 1963.
Decided December 16, 1963.
*296 Mr. George P. Moser argued the cause for appellants (Messrs. Moser, Roveto & McGough, attorneys; Mr. William V. Roveto, of counsel).
*297 Mr. William M. Feinberg argued the cause for respondents (Messrs. Feinberg, Dee & Feinberg, attorneys; Mr. William M. Feinberg, of counsel and on the brief).
The opinion of the court was delivered by HANEMAN, J.
Plaintiffs, both of whom are residents of New Jersey, filed a complaint in the Law Division of the Superior Court on August 21, 1961, seeking recovery of damages allegedly arising from an automobile accident which occurred in this State on October 3, 1958. Service of process on defendants, who are residents of Connecticut, was effected by serving the Director of Motor Vehicles of the State of New Jersey (Director), on September 22, 1961, pursuant to the provisions of N.J.S.A. 39:7-2. The Director, in turn, forwarded notice of such service, together with a copy of the complaint, to defendants, by certified mail on September 23, 1961. N.J.S.A. 39:7-3, subd. a. Defendants filed an answer which pleaded the statute of limitations, N.J.S. 2A:14-2, as a separate defense. The court granted plaintiffs' motion to strike said separate defense, holding that the time limitation provided by N.J.S. 2A:14-2 was tolled by reason of the nonresidency of defendants, N.J.S. 2A:14-22, and was therefore not available to defendants. Defendants appealed to the Appellate Division pursuant to special leave granted, R.R. 2:2-3(a). While the appeal was there pending, the matter was here certified on plaintiffs' motion. R.R. 1:10-1A.
Defendants argue that since they were continuously amenable to service for two years subsequent to October 3, 1958, the date of the accrual of plaintiffs' alleged cause of action, by service upon the Director under N.J.S.A. 39:7-2, the tolling statute, N.J.S. 2A:14-22, is inapplicable. They conclude that plaintiffs are barred, suit not having been instituted within two years after the accrual of their cause of action. N.J.S. 2A:14-2. Defendants further argue that a contrary decision would deprive them of the equal protection of the law and hence be unconstitutional under Article *298 1, paragraphs 1 and 5 of the New Jersey Constitution, and the Fourteenth Amendment of the United States Constitution.
It is admitted that N.J.S. 2A:14-2 (formerly R.S. 2:24-2) applies to plaintiffs' cause of action which would be barred but for the tolling provisions of N.J.S. 2A:14-22. We are concerned, therefore, with the construction of the latter statute.
The tolling statute, presently designated N.J.S. 2A:14-22, had its genesis in an enactment of the Council and General Assembly of New Jersey on February 21, 1820. Pennington, Laws of New Jersey, 1703-1820, p. 670 (1821). It remained substantially in its original form until 1949. In that year it read as follows:
"If any person against whom there is or may be a cause of action specified in sections 2:24-1, 2:24-2, 2:24-3, 2:24-5, 2:24-6, 2:24-16 or 2:24-17 of this title is not a resident of this state when such cause of action accrues, or removes from this state after the accrual thereof and before the expiration of the times limited in said sections, the time or times during which said person is not residing within this state shall not be computed as a part of the periods of time within which such actions are required to be commenced by said sections; and the person entitled to any such action may commence the same after the accrual of the cause therefor, within the periods of time limited therefor by said sections, exclusive of such time or times of nonresidence." R.S. 2:24-7.
By L. 1949, c. 125, it was amended to read:
"If any person against whom there is or may be a cause of action specified in sections 2:24-1, 2:24-2, 2:24-3, 2:24-5, 2:24-6, 2:24-16 or 2:24-17 of this Title is not a resident of this State when such cause of action accrues, or removes from this State after the accrual thereof and before the expiration of the times limited in said sections, or if any corporation not organized under the laws of this State, against whom there is or may be such a cause of action, is not represented in this State by any person or officer upon whom summons or other original process may be served, when such cause of action accrues or at any time before the expiration of the times so limited, the time or times during which such person is not residing within this State or such corporation is not so represented within this State shall not be computed as part of the periods of time within *299 which such actions are required to be commenced by said sections; and the person entitled to any such action may commence the same after the accrual of the cause therefor, within the periods of time limited therefor by said sections, exclusive of such time or times of nonresidence or nonrepresentation."
In 1950 bill S-163, introduced in the New Jersey Senate, sought to amend R.S. 2:24-7 (now N.J.S. 2A:14-22) to make the tolling statute inapplicable to nonresident motorists subject to service via the Director of the Division of Motor Vehicles, by adding the following paragraph:
"The provisions of this section shall not apply to any cause where a person or corporation is subject to service of process under section 39:7-2 of the Revised Statutes, but in any such case the taking effect of this amendatory act shall not preclude the bringing of an action on a cause now existing until the expiration of a period of one year from the effective date of this amendatory act."
This bill was amended by the Senate Committee on Revision and Amendment of Laws so that its final form contained the following clause which was added to the end of the above sentence:
"nor shall it preclude the bringing of an action of the nature specified in section 2:24-2 of this Title, within three years next after the cause of any such action shall have accrued."
S-163 (1950) was considered extensively by both the Senate and the Assembly, and was finally passed by both houses. However, the Assembly, after final passage, recalled the bill and the measure was never enacted into law. Journal of The One Hundred and Sixth Senate of the State of New Jersey (1950), pp. 142, 212, 215, 219, 379, 420, 425, 505, 977, 991; Minutes of the Votes and Proceedings of The One Hundred and Seventy Fourth General Assembly (1950), pp. 943, 1011.
Upon the adoption of the Revision of Title 2 of the Revised Statutes in 1951, L. 1951, c. 344, R.S. 2:24-7 became N.J.S. 2A:14-22. The phraseology was slightly changed in the new section. Various actions theretofore included were excluded, *300 i.e., R.S. 2:24-16, 2:24-17, and actions against nonresident sureties, and actions by the State for real estate or rents (N.J.S. 2A:14-8), theretofore excluded, were included.
In brief, R.S. 39:7-2 provides that any nonresident motorist driving in this State constitutes the Director his agent for the acceptance of process in any proceeding arising out of an accident or collision occurring within this State. Except for an amendment in 1950, L. 1950, c. 251, including corporations within the scope of the act, the present statute has existed substantially in its present form, as far as here relevant, since 1930. L. 1930, c. 69.
The argument here advanced by defendants was advanced in Gotheiner v. Lenihan, 20 N.J. Misc. 119, 25 A.2d 430 (Sup. Ct. 1942). The court there held that the fact that service could be made on nonresident defendants under N.J.S.A. 39:7-2 within the statutory time limit, did not make inapplicable R.S. 2:24-7 (now N.J.S. 2A:14-22), providing for the tolling of the statute of limitations.
Again, in 1953, subsequent to the adoption of the Revision of Title 2 of the Revised Statutes, the court in Whalen v. Young, 28 N.J. Super. 543 (Law Div. 1953), reversed on other grounds 15 N.J. 321 (1954), held that the tolling provision of N.J.S. 2A:14-22 was applicable to nonresident corporate defendant motorists not represented in this State. The court bottomed its opinion upon the conclusion that the Director, who is appointed by N.J.S.A. 39:7-2 as an agent for the acceptance of process in the State, is not, in the language of N.J.S. 2A:14-22, a "person or officer [of the corporate defendant] upon whom summons * * * may be served." The court again held that N.J.S. 2A:14-22 was applicable to individual nonresident defendants.
In Ferraro v. Ferro Trucking Co., Inc., 72 N.J. Super. 519 (Law Div. 1962) the trial court reached a conclusion diametrically opposed to Whalen, in considering the effect of tolling upon a nonresident unrepresented corporation. The court distinguished the holding in Gotheiner upon the basis that that opinion concerned an individual nonresident motorist.
*301 We do not have before us the effect of N.J.S. 2A:14-22 upon a corporate defendant and therefore express no opinion on the contradictory results of Whalen and Ferraro. However, as above noted, on at least two occasions the courts of this State have held directly, and once by way of dictum, that the tolling of the statute of limitations, as provided in N.J.S. 2A:14-22, is not affected by the fact that an individual non-resident defendant can be served under N.J.S.A. 39:7-2.
The construction of a statute by the courts, supported by long acquiescence on the part of the Legislature, or by continued use of the same language or failure to amend the statute, is evidence that such construction is in accordance with the legislative intent. Barringer v. Miele, 6 N.J. 139, 144 (1951), Asbury Park Press v. City of Asbury Park, 19 N.J. 183, 190 (1955), Egan v. Erie R. Co., 29 N.J. 243, 250 (1959). The persuasive effect of such legislative inaction is increased where the statute has been amended after a judicial construction without any change in the language so interpreted. Delaware, L. & W.R. Co. v. Division of Tax Appeals, 3 N.J. 27 (1949), appeal dismissed 338 U.S. 946, 70 S.Ct. 488, 94 L.Ed. 583 (1950). The foregoing rule is of course not absolute but it is an aid in statutory construction and it is "one factor in the total effort to give meaning to the language of the statute." Arrow Builders Supply Corp. v. Hudson Terrace Apts., Inc., 15 N.J. 418 (1954). The fact that judicial construction is by a court other than one of last resort does not deprive it of probative influence, and it may be considered in evaluating the acquiescent conduct of the Legislature in the face thereof. See Barringer v. Miele, supra; Mechanics Finance Co. v. Austin, 8 N.J. 577 (1952).
The construction in Gotheiner, supra, in 1942, and the repetition of that construction directly in Whalen, supra, in 1953, coupled with the dictum in Ferraro, supra, in 1962, considered in the light of the failure of the Legislature to change the language so interpreted over a period of 20 years is a strong indication of legislative acquiescence in the court's construction.
*302 When there is added to this inaction the fact that the statute was, during this period, amended in other particulars; that the Legislature withdrew a proposed amendment which would have altered the language of the statute to specifically provide for its nonapplication to nonresident motorists, a result directly opposite to prior construction; and that R.S. 2:24-7 was re-enacted in the Revision of 1951, with no change in the language here in question, the conclusion is forced that the decision in Gotheiner correctly expresses the legislative intent.
In any event, it would now be eminently unfair in the face of the time which has elapsed since Gotheiner and the possible reliance thereon during that period to espouse a contrary result. If a change is to be made it should be by legislative action, postponing its effective date in order to accord additional time for filing of actions which would otherwise be immediately barred by passage of time.
We come now to defendants' constitutional argument.
Defendants admit that the provisions of N.J.S. 2A:14-22, creating two classes of defendants under the statute of limitations, i.e., resident and nonresident, are constitutional. This, they say, eventuates because there is a rational distinction between resident defendants amenable to service of process in this State, and nonresident defendants not so amenable. But defendants contend that there is no logical distinction between resident motorist defendants generally and nonresident motorist defendants when the latter are also subject to involuntary service of process under N.J.S.A. 39:7-2. They conclude, then, that nonresident motorist defendants are entitled to the same repose furnished by the statute of limitations to such resident defendants, and hence that the statute is arbitrary and discriminatory and violates their rights to equal protection guaranteed by Article I, paragraphs 1 and 5 of the New Jersey Constitution and the Fourteenth Amendment of the United States Constitution.
*303 In Williamson v. Lee Optical of Oklahoma, 75 S.Ct. 461, 465, 348 U.S. 483, 489, 99 L.Ed. 563, 575 (1955), the court said:
"* * * The problem of legislative classification is a perennial one, admitting of no doctrinaire definition. Evils in the same field may be of different dimensions and proportions, requiring different remedies. Or so the legislature may think. Tigner v. State of Texas, 310 U.S. 141, 60 S.Ct. 879, 84 L.Ed. 1124. [130 A.L.R. 1321] Or the reform may take one step at a time, addressing itself to the phase of the problem which seems most acute to the legislative mind. Semler v. Oregon State Board of Dental Examiners, 294 U.S. 608, 55 S.Ct. 570, 70 L.Ed. 1086. The legislature may select one phase of one field and apply a remedy there neglecting the others. [American Federation of Labor] A.F. of L. v. American Sash [& Door] Co., 335 U.S. 538, 69 S.Ct. 258 [260], 93 L.Ed. 222 [6 A.L.R. 2d 481]. The prohibition of the Equal Protection Clause goes no further than the invidious discrimination."
Chief Justice (then Justice) Weintraub, in New Jersey Restaurant Ass'n v. Holderman, 24 N.J. 295 (1957), treated in detail the burden of proving that a classification has no rational basis and therefore violates the equal protection doctrine, as well as the rules which govern the resolution of that question. Applying these precepts to the case sub judice, we conclude that a reading of the pertinent statutes as above construed, does not result in a conclusion that defendants are denied the equal protection of the law. Consequently, we cannot find that the classification of nonresident motorists as persons enveloped within N.J.S. 2A:14-22 is without rational basis and cannot find that the statute is unconstitutional as urged.
Affirmed.
SCHETTINO, J. (dissenting).
The obvious purpose of the tolling statute, N.J.S. 2A:14-22, is to preserve a plaintiff's cause of action where service cannot be had on a defendant by reason of his absence from the State. N.J.S.A. 39:7-2 provides that service may be effected on a nonresident motorist by serving the Director of Motor Vehicles. Because the *304 nonresident motorist is always amenable to service of process through the Director of Motor Vehicles, he is at least as vulnerable to service as a resident of the State. Accordingly, the weight of authority holds that a tolling provision does not operate to suspend the statute of limitations where the non-resident is amenable to service through a statutory agent. Nelson v. Richardson, 295 Ill. App. 504, 15 N.E.2d 17 (App. Ct. 1938); Coombs v. Darling, 116 Conn. 643, 166 A. 70 (Sup. Ct. Err. 1933); Annotations, 94 A.L.R. 485 (1935); 119 A.L.R. 859 (1939); 17 A.L.R.2d 502 (1951).
These authorities are persuasive. The statute of limitations is one of repose, the purpose of which is to spare the court from litigation of stale claims and the citizen from being put to his defense after memories have faded, witnesses have died or disappeared, and evidence has been lost. Union City Housing Authority v. Commonwealth Trust Co., 25 N.J. 330, 335 (1957).
To apply the tolling provision in a situation in which the defendant is always amenable to process would be repugnant to the general purpose of the statute of limitations, for the plaintiff is thereby able to defer service indefinitely. The evil results of delay are especially obvious in automobile cases which depend to a great degree on eye-witnesses and their memories. Moreover, were both the tolling provision, N.J.S. 2A:14-22, and the substituted service enactment, N.J.S.A. 39:7-2, applied in cases involving a non-resident motorist defendant, plaintiff would hold a greater advantage over nonresident motorists than over nonresident defendants not subject to service through a statutory agent.
The majority relies on the rule of statutory construction that legislative acquiescence in the judicial construction of a statute is evidence that such interpretation is in accord with the legislative intent. Egan v. Erie R. Co., 29 N.J. 243, 250 (1959). Emphasis is placed on the fact that the 1949 and 1951 amendments to N.J.S. 2A:14-22 made certain changes but did not include any provision with respect to nonresident motorists. Also stressed is the fact that a 1950 bill specifically *305 excluding the nonresident motorist from the operation of the tolling provision was not adopted.
Although there is logic in the approach of the majority, I am not convinced that the legislative inaction indicates an intention to include a nonresident motorist within the operation of the tolling provision. Admittedly, the rule of legislative acquiescence in a judicial interpretation of a statute is an aid in statutory construction, but it is merely one factor in the total effort to give meaning to the language of that statute. It might be that the Legislature consciously refused to adopt the 1950 amendment and chose to apply N.J.S. 2A:14-22 to nonresident motorists. However, the nonadoption of the amendment is susceptible to other interpretations. See Hilton Acres v. Klein, 64 N.J. Super. 281, 294 (App. Div. 1960), modified 35 N.J. 570 (1961). The failure of the Legislature to take affirmative action might, in any given instance, be attributable to many causes. On my review of the legislative history I am unable to find an explanation for the Legislature's passivity.
Furthermore, I cannot attribute to the Legislature an intent to become embroiled in the constitutional issue to which I now turn. Kovacs v. Cooper, 336 U.S. 77, 85, 69 S.Ct. 448, 93 L.Ed. 513, 521 (1949). The majority concludes that the tolling provision as applied to a nonresident motorist defendant does not constitute an arbitrary and discriminatory classification in violation of the equal protection clauses of the State and Federal Constitutions. I cannot agree.
The equal protection clause secures equality of right by forbidding arbitrary discrimination between persons similarly circumstanced, Schmidt v. Board of Adjustment of City of Newark, 9 N.J. 405 (1952), but a statutory classification will not be found unconstitutional where it bears a reasonable and just relation to either the object of legislation or some substantial consideration affecting the general welfare. N.J. Restaurant Ass'n v. Holderman, 24 N.J. 295 (1957). There can be no doubt that the nonresident motorist is similarly circumstanced to the resident motorist in regard to service of *306 process by virtue of the substituted service provision, N.J.S.A. 39:7-2. For the purpose of service of process it might well be said that he is a resident of this State. There thus appears to be no reasonable basis in regard to either the legislative purpose or the general welfare to include the nonresident motorist within the operation of the tolling provision. To do so would not only render him more vulnerable to service of process than the resident motorist, but also would afford him less protection than other nonresident defendants. The nonresident motorist represents a substantial class of defendants, and I thus reject the argument that he is merely a member of a small minority incidentally affected by the tolling provision.
Therefore, I am of the opinion that N.J.S. 2A:14-22, if applied to a nonresident motorist who is always amenable to service of process under N.J.S.A. 39:7-2, creates an unreasonable and arbitrary classification in violation of the equal protection guarantees of Article I, paragraphs 1 and 5 of the New Jersey Constitution and the Fourteenth Amendment of the United States Constitution.
I would therefore reverse and remand.
For affirmance  Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL and HANEMAN  6.
For reversal  Justice SCHETTINO  1.