147 N.J. Super. 401 (1977)
371 A.2d 356
JAMES RICHBURG, PLAINTIFF,
v.
SELECTED RISKS INSURANCE CO., DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided January 7, 1977.
*402 No one appearing for plaintiff (Vecchione, Conforti and Force, attorneys).
Ms. Barbara Ann Villano for defendant (Mr. Bernard F. Boglioli, attorney).
SELIKOFF, J.S.C.
The question to be decided on this motion for summary judgment is whether a temporarily laidoff worker is an "income producer" within the meaning of the New Jersey Automobile Reparation Reform Act, N.J.S.A. 39:6A-1 et seq.
For some time in 1974 plaintiff was an employee of Manzo Contracting Co. On December 29, 1974 he was temporarily laid off due to the weather and he began collecting unemployment compensation benefits. On February 3, 1975, while still unemployed, plaintiff was injured in an automobile accident. Since the date of his layoff plaintiff had continued *403 in that status without interruption, except for a single day's work at the Jersey Shore Medical Center. Subsequently, by letter dated February 28, 1975, plaintiff was recalled by Manzo but was unable to report for work because of his injuries.
In March 1975 plaintiff notified defendant, his automobile liability insurance carrier, of the accident and claimed PIP income continuation benefits. The claim was denied, whereupon plaintiff brought this suit. Defendant's answer asserted, among other defenses, that plaintiff was not an "income producer" within the meaning of the act and is, therefore, not entitled to income continuation benefits provided for under N.J.S.A. 39:6A-4.
On the strength of this defense defendant moves for summary judgment.
The statute mandates that every automobile liability insurance policy covered by its provisions include certain "additional coverage" for the payment of benefits without regard to negligence, liability or fault to the insured who sustained bodily injury as a result of an automobile accident. N.J.S.A. 39:6A-4. That "additional coverage" includes the payment of the loss of income of an "income producer" as a result of bodily injury disability. N.J.S.A. 39:6A-4b.
The statute defines an "income producer" as one who, at the time of the accident causing the injury, "was in an occupational status, earning or producing income." N.J.S.A. 39:6A-2(d). It does not appear that plaintiff meets this definition.
Upon being laid off plaintiff ceased to be in an occupational status, earning or producing income. Manzo had no obligation to continue or resume plaintiff in its employ. Neither plaintiff's expectation that he would be rehired at some uncertain future date, nor Manzo's request after plaintiff's accident that he report to work, is sufficient to permit a finding that plaintiff was in an occupational status, earning or producing income, at the time of the accident. The *404 intentions or plans of plaintiff and Manzo notwithstanding, at the critical time plaintiff was unemployed, and therefore not entitled to income continuation benefits. See Rybeck v. Rybeck, 141 N.J. Super. 481, 500 (Law Div. 1976).
For these reasons defendant's motion for summary judgment must be and is hereby granted.