149 N.J. Super. 60 (1977)
372 A.2d 1374
SUEANN MAZZA, INDIVIDUALLY AND AS ADMINISTRATRIX AD PROSEQUENDUM OF THE ESTATE OF JOSEPH A. MAZZA, SR., PLAINTIFF,
v.
INSURANCE COMPANY OF NORTH AMERICA, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided March 18, 1977.
*61 Mr. Gerard C. Gross for plaintiff.
Mr. Gerald J. Corcoran for defendant (Lloyd, Megargee, Steedle and Connor, attorneys).
MILLER, J.C.C., Temporarily Assigned.
On April 3, 1976 plaintiff's decedent was involved in an accident when the *62 motorcycle he was operating was struck by an automobile, inflicting fatal injuries. At the time decedent was the owner of an automobile upon which defendant insurer, Insurance Company of North America (INA), had written a policy of insurance. Certain benefits were paid by INA under the policy and the Automobile Reparation Reform Act, N.J.S.A. 39:6A-1, et seq., but certain others were denied. This suit followed and a motion for summary judgment has been made by plaintiff.
At the time of the accident plaintiff's decedent had been temporarily laid off from his regular employment. He was receiving unemployment compensation benefits and had been scheduled to return to work two days after his death.
INA took the position that since decedent had been operating a motorcycle at the time of his death nothing was due under the policy. This question was decided to the contrary in Hoglin v. Nationwide Mutual Ins. Co., 144 N.J. Super. 475 (App. Div. 1976). Moreover, prior to that case Judge Thomas had already passed on the same point in Harlan v. Fidelity & Cas. Co., 139 N.J. Super. 226 (Law Div. 1976), and ruled therein adversely to INA's position. When this case was called to INA's attention, plaintiff was then advised by the company, "We are familiar with the case. * * * However the company will not accept this court's decision as setting a precedence (sic), unless a higher court or appellate division sustains this precedent."
It is quite true that decisions of the Law and Chancery Divisions of this court are not binding on higher courts, or indeed, upon other judges in this court. Lackovic v. New England Paper Tube Co., Inc., 127 N.J. Super. 394, 398 (Law Div. 1974); Ferraro v. Ferro Trucking Co., 72 N.J. Super. 519, 523. This is indeed fitting and proper, but it is somewhat disconcerting to find court decisions disregarded by citizens in the same jurisdiction where they were rendered.
INA argues that income continuation benefits, N.J.S.A. 39:6A-4(b), are not payable since decedent was not an "income producer." This is not so. N.J.S.A. 39:6A-2 *63 (d) defines an "income producer" as "a person who, at the time of the accident * * * was in an occupational status, earning or producing income." Decedent enjoyed this status at the time of the accident. True, he was not physically employed, but he was in an occupational status, and his unemployment insurance benefits were a statutory replacement of his work income and constituted "income" within the meaning of the statutory definition.
The instant situation is referred to in Iavicoli, § 17 at 52, wherein it is stated:
A person who is on strike or laid off and who is to return to work at some date after the accident, should be considered as much in an occupational status earning or producing income, as is an individual on vacation or a person who is off from work on Saturdays and Sundays or who is off from work from the end of one work day until the morning of the next day.
INA next argues that it is not required to pay "essential service benefits," N.J.S.A. 39:6A-4(c), and this demand is not stressed by plaintiff. No proof has been submitted that decedent, who was an "income producer," rendered "essential services" in addition, although this is not impossible. See Iavicoli, op. cit, § 21 at 61.
An order may be presented granting summary judgment for plaintiff and against INA insofar as the income continuation benefits under N.J.S.A. 39:6A-4(b) are concerned, but in favor of INA insofar as benefits under N.J.S.A. 39:6A-4(c) are concerned. The moneys due shall bear the statutory 10% interest, N.J.S.A. 39:6A-5(c), from 30 days after written notice of the proof of loss. N.J.S.A. 39:6A-5(b).
Application is made for counsel fees. R. 4:42-9 permits such allowance. INA argues that the uncertainty of the law in this field justified denial of insurance coverage. It is true that there are areas of uncertainty, but INA was forewarned by the case of Harlan v. Fidelity and Cas. Co., supra. A counsel fee will be allowed upon presentation of an affidavit of services pursuant to R. 4:42-9(b).