FRANCES L. FUNK, ADMINISTRATOR, AND ADMINISTRATOR *AD PROSEQUENDUM* OF THE ESTATE OF JOSEPH F. ULEAU, JR., PLAINTIFF, v. ALLSTATE INSURANCE COMPANY, DEFENDANT.

Superior Court of New Jersey
Law Division

Decided June 20, 1979.

*Mr. J. Llewellyn Mathews* for plaintiff (*Messrs. Apell, Howard* and *Mathews,* attorneys).

*Mr. James J. Casby, Jr.* for defendant (*Messrs. Casby, Garrigle & Chierici,* attorneys).

HAINES, J. S. C. The facts in this case have been stipulated.

Plaintiff's decedent, Joseph F. Uleau, was killed when struck by an automobile on September 4, 1976. He was covered by an insurance policy providing standard "no fault" insurance benefits, *N. J. S. A.* 39:6A–1 *et seq.* and was receiving disability benefits at the time of the accident. Part of these benefits were paid by the Veterans Administration commencing in 1946 by reason of wounds received in the course of military service; the remaining benefits were not service or employment-related. Uleau was not employed on

the date the accident occurred. His estate sues for survivor's income continuation benefits, as permitted by *N. J. S. A.* 39:6A–4(d) which provides:

> Survivor benefits. In the event of the death of an income producer as a result of injuries sustained in an accident entitling such person to benefits under Section 4 of this act, the maximum of benefits which could have been paid to the income producer, but for his death, under Section 4 b. shall be paid to the surviving spouse, or in the event there is no surviving spouse, then to the surviving children, and in the event there are no surviving spouse or surviving children, then to the estate of the income producer.

The central issue is whether decedent was an "income producer," as those words are used in the statute. No reported decision deals with a decedent receiving disability benefits at the time of the accident, employment-related but not paid by virtue of our unemployment statutes, *N. J. S. A.* 43:21.

An "income producer" is defined as "a person, who at the time of the accident causing personal injury or death, was in an occupational status, earning or producing income." *N. J. S. A.* 39:6A–2(d). Income is defined as "salary, wages, tips, commissions, fees and other earnings derived from work or employment."

A cogent discussion of the meaning of "occupational status" is found in *Hunter v. Hartford Acc. and Indem. Co.*, 155 *N. J. Super.* 16 (Law Div. 1977):

> "Occupational status" seems to mean that held by a person who is part of the laboring force; who wants to work and is available for work, even though not actually working at the precise moment or day of the accident. The term connotes a class consisting of those who actually produce "income" or, in a realistic way, have the potential to do so. Excluded are the retired, the unemployable and those who have never been a part of the work force. In my view, included in the term would be those persons collecting unemployment benefits. Such benefits are specifically made deductible from any payments required under income continuation benefits. *N. J. S. A.* 39:6A–6. [at 22]

In *Hunter* plaintiff had left her employment to undergo an operation and the "unemployment benefits" which she was

receiving were disability benefits. At the time of the accident she was expecting to return to work; employment was available to her. She was allowed to recover. The court's decision is supported by *Mazza v. Insurance Co. of North America,* 149 *N. J. Super.* 60 (Law Div. 1977). But see *Richburg v. Selected Risks,* 147 *N. J. Super.* 401 (Law Div. 1977), and *dictum* in *Rybeck v. Rybeck,* 141 *N. J. Super.* 481, 499 (Law Div. 1976). Any question arising from these trial court decisions as to whether a person receiving unemployment compensation is an "income producer" has been resolved by *Clay v. New Jersey Special Jt. Underwriting Ass'n,* 160 *N. J. Super.* 188 (App. Div. 1978), which held that "an individual receiving unemployment benefits enjoys an occupational status sufficient to bring him within the purview of the No Fault Act." *Id.* at 191. *Clay* was followed in *Virden v. Travelers Ins. Co.,* 167 *N. J. Super.* 209 (App. Div. 1979).

The *Clay* court noted that a person receiving unemployment compensation was required to be available for employment. It referred to such person as one who "is clearly a member of the working population." *Id.* 160 *N. J. Super.* at 191. *Hunter* underlined the requirement that an "income producer" be "a person who is part of the laboring force, who wants to work and is available for work." 155 *N. J. Super.* at 22.

Here, the only tie plaintiff's decedent had to the labor force was his disability compensation and its origin in his military employment. He was not employed at the time of the accident. He was not available for work at that time and the factual stipulation infers that he was not seeking a job. He was not in the same position as a person receiving unemployment benefits. Under these circumstances, while Joseph Uleau may have had "earnings" derived from work or employment, since his disability income in part resulted from his military service, he was not "in an occupational status" as required by the statute in order to be an "income producer." There can be no recovery.

No costs.