LOUIS PALUDI, PLAINTIFF, v. CITY OF VENTNOR CITY, DEFENDANT.

Superior Court of New Jersey
Law Division Atlantic County

Decided January 9, 1984.

---

[4]Enough was given to the Court to foreclose any later claim that defendant was denied effective assistance of counsel.

[5]Other jurisdictions have determined that the right to make closing argument may be surrendered in a criminal trial. *See, e.g., Commonwealth v. Ramsey,* 259 *Pa.Super.* 240, 393 *A.*2d 806 (Sup.Ct.1978); *People v. Talasch,* 20 *Ill.App.*3d 794, 314 *N.E.*2d 510 (1974); *Matthews v. United States,* 449 *F.*2d 985 (D.C.Cir. 1971); *Dobbs v. State,* 235 *Ga.* 800, 221 *S.E.*2d 576 (1976); *United States ex rel. Turner v. Cuyler,* 443 *F.Supp.* 263 (E.D.Pa.1977); *aff'd o.b.* 595 *F.*2d 1215 (3d Cir.1979).

*Theodore Ridgway* for plaintiff.

*Martin S. Wilson, Jr.* for defendant (*Wilson, Jacobson, Winkelstein & Scerni,* attorneys).

WEINSTEIN, J.S.C.

This matter comes before the Court on the following agreed statement of facts. Plaintiff has been employed as a lifeguard by the City of Ventnor City for a period in excess of 32 years. Since 1967 he has served as captain of the Ventnor City Beach Patrol. He is presently 52 years of age. The City of Ventnor City is a city of the fourth class as defined in *N.J.S.A.* 40:167–2.

This action was instituted to secure a declaratory judgment from this court that plaintiff is entitled to a pension from the City of Ventnor City pursuant to *N.J.S.A.* 43:13–24. The city resists plaintiff's assertion. Although the city acknowledges that plaintiff meets the eligibility requirements of *N.J.S.A.* 43:13–24, it contends that the establishment of a pension program was optional with the city and not obligatory and that since it has never exercised its option to create a pension fund for lifeguards plaintiff is without recourse.

*N.J.S.A.* 43:13–24 provides:

In all cities of the fourth class any member of the life guard force, whether employed as an officer or a guard, who has or shall have served on such a force for a period of twenty years, and shall have obtained that age of forty-five

years, and for a period of ten years preceding his application has been continuously in such service, may, either by the governing body of any such city or upon his own application, be retired upon half pay.

■■ It is an elemental rule of statutory construction that the court is to give effect "to words used according to the clear and plain meaning they ordinarily import and avoid giving any construction which would distort that meaning or give greater effect than the language required...." *Matthews v. Irvington Bd. of Ed.*, 31 *N.J.Super.* 292 (App.Div.1954). The quoted section of the statute is rendered difficult to construe by the use of the word "may", which usually signifies the permissive rather than the word "shall" which usually signifies the mandatory. *Harvey v. Essex Cty. Freeholder Bd.*, 30 *N.J.* 381 (1959); *Cryan v. Klein*, 148 *N.J.Super.* 27 (App.Div.1977); *Bell v. Western EMP Ins. Co.*, 173 *N.J.Super.* 60 (App.Div.1980). However, such words may be considered interchangeably in the context of legislative intendment.

■ This court must attempt to discern the legislative intent from a review of the statute as a whole giving appropriate consideration to its nature and object. If in so doing it is necessary to give mandatory meaning to the otherwise permissive "may", such is acceptable if to do so would effectuate the intent of the Legislature. *Harvey v. Essex Cty. Freeholder Bd., supra.*

■ I do not consider this court at liberty to presume legislative intent on the basis of what the court feels is a fair and just result but the intention presumed must be consistent with reason and sound discretion.

■■ Not having the benefit of any clear cut revelation in the legislative history or any prior judicial construction of the statute now before the court, the legislative intent must be determined from the spirit of the enactment and the policy sought to be established by it rather than a literal application of the words, which are subject to alternative meaning. The enactment in its entirety consists of six sections, *N.J.S.A.*

43:13–23 through –28. This legislation in its entirety and not merely the words used in *N.J.S.A.* 43:13–24, must be considered if its true meaning is to be ascertained. *Petition of Sheffield Farms*, 22 *N.J.* 548 (1956). When examining the statute in this context one gleans the legislative intent.

*N.J.S.A.* 43:13–23 defines terms used in the "article" and does not aid us in our quest for the legislative intent and purpose. The sections following *N.J.S.A.* 43:13–24, however, do permit the light of legislative intent to shine through. *N.J.S.A.* 43:13–25 mandates that a lifeguard sustaining permanent disability in the line of duty be retired on pension equal to one half of his salary. *N.J.S.A.* 43:13–26 mandates that the widow of a lifeguard receive a pension so long as she remains unmarried. *N.J.S.A.* 43:13–27 provides that "for the purpose of paying the pensions hereunder, a fund shall be created...." Funding is achieved by matching contributions of employee and employer equal to four percent of payroll. In addition, private contributions, reward money, fines imposed upon guards as disciplinary penalties and money deducted from a guard's pay because of absence are to be used to augment the fund. The governing body is mandated to further supplement the fund by an additional tax levy if necessary to "meet the requirements of the fund." The final section provides for the creation of a pension commission to supervise and administer the fund.

In every section of this enactment the legislature used the word "shall" except in *N.J.S.A.* 43:13–24, where as previously noted "may" was used. Why this was done is understandable when one considers the article in its entirety.

The statute in question provides for retirement at a very early age (45) and apparently when originally adopted it provided an even earlier retirement age [1]. To have mandated retire-

---

[1] In reviewing the legislative history it was determined that when the legislation was enacted in 1928–1929 no sponsors' statement was attached; but in 1936 the act was amended as it presently exists and a sponsors' statement was

ment at age 45 would be contrary to commonly accepted socio-economic standards. If the mandatory "shall" had been used such would have been the result. Defendant seeks support for its position by reference to other pension statutes. It is certainly proper to make such reference in attempting to ascertain legislative intent. *Body-Rite Repair v. Taxation Div. Director*, 178 *N.J.Super.* 263 (App.Div.1981), rev'd 89 *N.J.* 540 (1982). However, the comparison does not aid the defendant. In every pension statute cited [2], all of which used "shall" to presumably mandate retirement, the legislature was providing for retirement at age 60, if requested by the employee. In those cases [3] in which retirement could be elected prior to normal retirement age "may" was used. Nonetheless, the analysis and comparison appears of academic interest only and does not truly aid in the ascertainment of the legislative intent.

■ Considering the other statutes *in pari materia*, the object and purpose of pension laws, the limited history available and the contextual setting of *N.J.S.A.* 43:13–24, I am satisfied that the legislature intended that cities of the fourth class establish pension programs for lifeguards. It is always the goal of statutory construction to avoid a result that would be unreasonable, absurd or anomalous. To adopt the defendant's interpretation would be contrary to that goal.

---

attached as follows: "The purpose of this act is to strengthen the pension funds maintained for lifeguards in cities of the fourth class. It increases the percentage to be paid by members of the fund, raises the age limit and extends the period of service prior to retirement. The act imposes no additional burden upon the municipalities; the entire increase being borne by the members of the fund".

[2] *N.J.S.A.* 43:13–22.19, –30, –39, –22.53; *N.J.S.A.* 43:6A–8.

[3] *N.J.S.A.* 43:13–22.54a, –22.19a; *N.J.S.A.* 43:6A–8b, 8c, 8d, –9.