MARIA TOMBROS, PLAINTIFF, v. SELECTIVE INSURANCE COMPANY OF AMERICA, DEFENDANT.

Superior Court of New Jersey
Law Division Union County

Decided September 29, 1989.

*Michael F. Lombardi,* for plaintiff (*Lombardi & Lombardi,* attorneys).

*Joseph M. Gaul, Jr.,* for defendant (*Haggerty & Donohue,* attorneys).

MENZA, J.S.C.

Is a person who, at the time of the occurrence of an accident, is unemployed, not receiving unemployment benefits, and has no immediate prospects of employment, entitled to personal injury protection (PIP) income continuation benefits?

Plaintiff was injured as a result of an automobile accident which occurred on December 8, 1987. She was unemployed at the time. Her last regular employment, except for two days as a waitress, was at Eastern Airlines from which she was terminated in March 1987. She has appealed that termination. She received unemployment benefits from April 12, 1987 to October 27, 1987. She was not receiving benefits on the date of the accident.

Plaintiff contends that in the latter part of December 1987, she received a telephone call from an employer with whom she had interviewed prior to the accident, who offered her employment commencing in February 1988. She contends that this employer stated that he had attempted to call plaintiff between December 9 and December 17, 1987, the period during which plaintiff was in the hospital due to her injuries, to offer her a job. Plaintiff contends that she was unable to commence employment in February 1988, because of the injuries she sustained in the accident.

Defendant moves for summary judgement. It contends that the PIP statute does not permit payment of income continuation benefits to persons who are not employed on the date of the accident, or have no immediate prospects of employment and are not receiving unemployment benefits at the time.

The statute, *N.J.S.A.* 39:6A–4(b), provides:

**Income continuation benefits.** The payment of the loss of income of an income producer as a result of bodily injury disability, subject to a maximum weekly payment of $100.00. Such sum shall be payable during the life of the injured person and shall be subject to an amount or limit of $5,200.00, on account of injury to any one person in any one accident, except that in no case shall income continuation benefits exceed the net income normally earned during the period in which the benefits are payable.

The term "income producer" is defined in the statute, *N.J. S.A.* 39:6A–2(d), as follows:

"Income producer" means a person who *at the time of the accident,* causing personal injury or death, was in an occupational status, earning or producing income. [Emphasis supplied]

In *Hunter v. Hartford Accident and Indemnity Co.,* 155 *N.J.Super.* 16 (Law Div.1977), the court allowed income continuation benefits to a plaintiff who had taken a voluntary leave of absence, but was to return to work on the day of the accident. The court said:

In order to be an "income producer" for the purpose of the Automobile Reparation Reform Act must one have been actually on the payroll or earning income on the day of the accident? The answer to that clearly seems to be "No." The definition of "income" points to that conclusion. Income is not limited to salary (of a payroll employee) but includes wages (as a day worker might earn), tips, commissions (as a real estate salesman depends on), fees, "and other earnings derived from work or employment." The language is broad and intentionally so. The Legislature could have been more precise had it wished. Equally broad is the definition of "income producer" as "a person, who at the time of the accident * * * was in an occupational status, earning or producing income." ... "Occupational status" seems to mean that held by a person who is part of the laboring force, *who wants to work and is available for work, even though not actually working at the precise moment or day of the accident.* The term connotes a class consisting of those who actually produce "income" or, in a realistic way have the potential to do so. [at 22; emphasis supplied]

In *Gambino v. Royal Globe Ins. Co.,* 86 *N.J.* 100 (1981), the Supreme Court held that a plaintiff, who had sold his business and was injured two days before beginning new employment and whose normal status in life included gainful employment and production of income, was an income producer. In reaching this decision, the Court said:

Accordingly, we hold that recovery is available to those persons who, as part of their normal and prevailing way of life, are gainfully engaged in work that generates income, but are foreclosed from such normal endeavors or preempted

from that usual status because of injuries incurred in an automobile accident.... Within this definitional framework, all persons meaningfully and concretely engaged in or committed to an occupational way of life, one that regularly and normally involves working for pay, would be "income producer(s)" entitled to benefits under the law. The timing or coincidence of the disabling automobile accident in relation to the victim's normal work routine, schedule or habits can, under this construct, be viewed in a realistic and sensible perspective.... (*Id.* at 109). In our view, this approach is most solicitous of the legislative intent that it provides comprehensive protection on an equitable basis to all who have lost income that they would have had were it not for the accident. [at 110]

In *Langley v. Allstate Ins. Co.*, 206 *N.J.Super.* 365 (App.Div. 1985), the Appellate Division summarized the holding in the *Gambino* case as follows:

In general enonomic terms, the Supreme Court has defined an income producer as one who is part of the work force although not necessarily actively working at the time. It includes the unemployed ... as long as they retain a substantial interest in employment. [at 369]

See also *Mazza v. Ins. Co. of North America*, 149 *N.J.Super.* 60 (Law Div.1977) (plaintiff, who was, at the time of the accident, temporarily laid off, collecting unemployment benefits and scheduled to return to work two days after the accident, was an income producer); *Clay v. N.J. Special Joint Underwriting Ass'n*, 160 *N.J.Super.* 188 (App.Div.1978) (plaintiff's decedent who dies as a result of an accident and who had been receiving unemployment compensation benefits at that time, was an income producer); [1] But see *Richburg v. Selected Risks Ins. Co.*, 147 *N.J.Super.* 401 (Law Div.1977) (plaintiff who was temporarily unemployed at the time of the accident, and who was receiving unemployment benefits, was not an income producer); *Funk v. Allstate Ins. Co.*, 169 *N.J.Super.* 226 (Law Div.1979) (a decedent who had been receiving disability payments from the Veteran's Administration at the time of the accident was not an income producer).

Although plaintiff in this case was not actually working at the time of the accident, she was nevertheless a person

---

[1] It is to be noted that the statute requires that it be liberally construed. *N.J.S.A.* 39:6A–16.

who wanted to work; had the potential to do so; was a person committed to an occupational way of life, and retained a substantial interest in employment. There is no doubt, therefore, that she was an income producer. Being an income producer, however, is not, in itself, sufficient to warrant payment of benefits. The income producer must have also "sustained a loss of income due to injury resulting from an accident." Compensation is for the loss of income that an income producer would have had but for the accident. As stated in *Greenberg v. Great American Ins. Co.*, 158 *N.J.Super.* 223 (App.Div.1978):

> The measure of the income loss referred to in *N.J.S.A.* 39:6A–4(b) is the difference between what one would have earned had injury not occurred and what one did earn. [at 228]

Plaintiff had neither earned income nor unemployment benefits at the time of the accident. She concedes this. She contends, however, that because of her injuries, she was unable to accept the promised employment, and thus, sustained a loss of income within the meaning of the statute, which thereby entitles her to income continuation benefits.

Plaintiff is correct. There is nothing in the statute that requires that loss of income be measured as of the date of the accident. The plain language of the statute, as well as common sense, dictates that a person is entitled to receive compensation for loss of income which results from injuries sustained in an automobile accident regardless of when the actual loss of income was suffered. Therefore, if plaintiff can demonstrate to the court's satisfaction that she had an offer of employment which she could not accept because her injuries prevented her from so doing, she would be entitled to that loss of income, namely, the income that she would have had but for her injuries.

Defendant's motion for summary judgment is denied.