739 A.2d 101

CITY OF CAPE MAY, PLAINTIFF–APPELLANT, v. RICHARD CO-
LOSI AND CAPE MAY BEACH PATROL BENEVOLENT AS-
SOCIATION, DEFENDANTS–RESPONDENTS, AND JOSEPH
DEVITO AND CAPE MAY BEACH PATROL BENEVOLENT
ASSOCIATION, PLAINTIFFS–RESPONDENTS, v. CITY OF
CAPE MAY, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued October 5, 1999—Decided November 3, 1999.

Before Judges D'ANNUNZIO, FALL and BILDER.

*Steven D. Scherzer*, argued the cause for appellant (*Cooper Perskie April Niedelman Wagenheim & Levenson*, attorneys; *Robert A. Fineberg*, on the brief).

*Steven R. Cohen*, argued the cause for respondents (*Selikoff & Cohen*, attorneys; *David S. DeWeese*, on the brief).

The opinion of the court was delivered by

D'ANNUNZIO, J.A.D.

The issue in these consolidated actions is whether *N.J.S.A.* 43:13–24 (section 24) requires the City of Cape May (City) to pay a pension to qualified lifeguards. Judge Callinan resolved the issue in favor of the lifeguards. We affirm.

█ Section 24 provides:

In all cities of the fourth class any member of the life guard force, whether employed as an officer or a guard, who has or shall have served on such force for a period of twenty years, and shall have attained the age of forty-five years, and for a period of ten years preceding his application has been continuously in such service, *may, either by the governing body of any such city or upon his own application, be retired upon half pay.*

[Emphasis added.]

The City relies on the underlined clause and argues that use of the word "may" establishes the Legislature's intent to make payment of a pension discretionary. In *Paludi v. Ventnor City*, 194 *N.J.Super.* 565, 477 *A.*2d 432 (Law Div.1984), the Law Division rejected this argument.[1] In the present case, Judge Callinan adopted the reasoning in *Paludi*.

---

[1] We affirmed o.b. in an unpublished opinion. *Paludi v. Ventnor City*, No. A–2851–83 (App.Div. March 1, 1985).

In *Paludi*, Judge Gerald Weinstein considered other sections of the lifeguards' pension statute and noted that they mandated that the affected cities take certain action regarding lifeguard pensions. Judge Weinstein stated:

> The sections following *N.J.S.A.* 43:13–24, however, do permit the light of legislative intent to shine through. *N.J.S.A.* 43:13–25 mandates that a lifeguard sustaining permanent disability in the line of duty be retired on pension equal to one half of his salary. *N.J.S.A.* 43:13–26 mandates that the widow of a lifeguard receive a pension so long as she remains unmarried. *N.J.S.A.* 43:13–27 provides that "for the purpose of paying the pensions hereunder, a fund shall be created...." Funding is achieved by matching contributions of employee and employer equal to four percent of payroll. In addition, private contributions, reward money, fines imposed upon guards as disciplinary penalties and money deducted from a guard's pay because of absence are to be used to augment the fund. The governing body is mandated to further supplement the fund by an additional tax levy if necessary to "meet the requirements of the fund." The final section provides for the creation of a pension commission to supervise and administer the fund.
>
> In every section of this enactment the legislature used the word "shall" except in *N.J.S.A.* 43:13–24, where as previously noted "may" was used. Why this was done is understandable when one considers the article in its entirety.
>
> [*Id.* at 569, 477 A.2d 432.]

Judge Weinstein reasoned that the Legislature used the word "may" in section 24 to avoid compelling retirement at age 45. Section 24 gives a qualifying lifeguard the option to retire and gives the City the power to compel retirement. In either eventuality, the City is required to pay the pension. We perceive no basis to deviate from Judge Weinstein's analysis in *Paludi*.

The City also argues that the trial court erred in failing to consider "changed socioeconomic conditions" in its construction and application of the statute. The pension statute was adopted in 1928. The City introduced evidence that the cost of providing beach services and maintenance since the 1920's has escalated. For example, in 1926 the City employed nine lifeguards compared with sixty-six today. These facts are legislative and must be addressed to the Legislature. They are not relevant to the Legislature's intent in enacting the statute.

Moreover, *Paludi* was decided in 1984, and the Legislature, by not amending the statute, has acquiesced in Judge Weinstein's

interpretation of it. "Legislative acquiescence in the interpretation of a statute … provides some assurance that our interpretation comports with the intent of the Legislature." *Matter of Mun. Election Held on May 10, 1994,* 139 *N.J.* 553, 559, 656 *A.*2d 5 (1995) (citing *Lemke v. Bailey,* 41 *N.J.* 295, 301, 196 *A.*2d 523 (1963)).

Finally, the City contends that the lifeguard pension statute is discriminatory because it only applies to cities of the fourth class but not to boroughs and townships with beach frontage. The City did not raise the issue below and, therefore, we do not address it.

Affirmed.