Plaintiffs in this proceeding in lieu of prerogative writ seek summary judgment reversing and setting aside the decision of the Clerk of the City of Passaic that the number of petitioners requesting a special election on the question of the adoption of the municipal manager form of government was legally insufficient, ordering said Clerk to receive additional petitions, and directing him to call the election.
The facts are not in dispute. Petitions bearing 4,029 names were filed with the Clerk on May 2, 1949, in accordance with the provisions of R.S. 40:80-1, which reads as follows: *Page 611 
"The legal voters of any municipality may adopt this subtitle at a special election to be held in such municipality, to be called by the municipal clerk upon request or petition in writing of the legal voters of the municipality not less in number than fifteen per cent of the number of persons who voted at the last preceding election held for the purpose of electing members of the general assembly as shown by the official canvass. At this election no other proposition shall be voted upon."
The City Clerk, basing his computation upon the vote in the election held November 2, 1948, determined, on May 16, 1949, that the statutory requirements had not been met and that the election should not be called. His conclusion recited that the vote was 24,611, and while 15%, or 3,691 valid signatures were necessary, only 3,487 such signatures were submitted, a shortage of 204. The Clerk disqualified a total of 542 signatures, 349 because the names were not legally registered, 145 as not genuine, and 48 duplications.
Plaintiffs contend that the statute above cited does not refer to the 1948 election, but rather to the General Election held on November 4, 1947, in which the vote was but 7,953, and as the signatures undisputed by the Clerk total 3,487, a number greatly in excess of the statutory 15%, or 1,193, the election should be called.
The wording of the statute, "the last preceding election held for the purpose of electing members of the General Assembly," is explicit, and can, in my judgment, have reference only to the election of 1947. The General Election of 1948 was not held for the purpose of electing members of the General Assembly, for Article XI, section II, paragraph 2 of the new Constitution, provides that:
"Each member of the General Assembly, elected in the year one thousand nine hundred and forty-seven, shall hold office for a term beginning at noon of the second Tuesday in January in the year one thousand nine hundred and forty-eight and ending at noon of the second Tuesday in January in the year one thousand nine hundred and fifty. Each member of the General Assembly elected thereafter shall hold office for the term provided by this Constitution."
As members of the General Assembly are elected biennially, the next election for such purpose, following that of November, *Page 612 
1947, will be held in November, 1949. A vacancy in the Passaic County Assembly delegation was filled at the 1948 election and similar vacancies were likewise filled in two other counties, but so far as the Assembly was concerned, in each instance it was a special election merely to fill a vacancy. While the question has not, to my knowledge, been passed upon by our highest State court, Alliegro v. Bayonne, 20 N.J. Misc. 354, following 20C.J., § 3 (c) and cases cited, holds that:
"An election to fill a vacancy is a special election, although held on the same day as a general election."
So, too, in People v. Czarnecki, 143 N.E. 840, 841, holding that:
"Every election called to fill a vacancy is a special election."
As the 1947 election was "the last preceding election held for the purpose of electing members of the General Assembly," it necessarily follows that the petitions submitted to the Clerk actually exceed the statutory requirement as to number.
This conclusion, being dispositive of the issue, makes it unnecessary to consider the other points raised, other than to point out that Chapter 54, P.L. 1949, arising from the approval by the Governor on April 28, 1949, of Assembly BillNo. 462, specifically disposes of any contention that the special election would be illegal by reason of non-compliance with the Soldiers Voting Act. Binetti v. Swenson, Clerk of theTown of West New York, 3 N.J. Super. 227, passes directly on the question, and the court there held that it was:
"convinced that the 1949 supplement was clearly intended by the Legislature to apply to the situation sub judice and, in view of the fact that it provides for military service absentee voting at special elections, the objection, whether valid or not, to the calling of such an election, has been removed. It is clear that the 1949 law is applicable to military service absentee voting in either peace or war time." *Page 613 
That the Legislature favored affording the voters every opportunity to select their own form of government is clearly apparent in 40:79-6 of the Act itself, which provides that:
"In the construction of any portion of this subtitle whose meaning or application is in dispute, it is intended that its phraseology shall be liberally construed to effectuate the substantial objects hereof."
Judgment, therefore, will be entered for plaintiffs, reversing and setting aside the decision of defendant that the number of petitioners who requested the election was not sufficient and directing said Clerk to call an election on the question of the adoption in the City of Passaic of Subtitle 5 (R.S. 40:79-1et seq.) of the title Municipalities and Counties of the Revised Statutes.