94 N.J. Super. 485 (1967)
229 A.2d 257
MARY JANE PRITEL, PLAINTIFF-RESPONDENT,
v.
ROBERT BURRIS, TOWNSHIP CLERK, CHERRY HILL TOWNSHIP, CAMDEN COUNTY, STATE OF NEW JERSEY, DEFENDANT, AND EUGENE FELDMAN, INTERVENOR-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued April 10, 1967.
Decided April 10, 1967.
*487 Before Judges GOLDMANN, KILKENNY and COLLESTER.
Mr. Frank E. Vittori argued the cause for appellant Feldman (Messrs. Piarulli & Vittori, attorneys).
Mr. Barry M. Weinberg argued the cause for respondent Pritel (Mr. Arnold N. Fishman, of counsel).
Mr. Warren C. Douglas argued the cause for respondent Burris (Messrs. Wallace, Douglas, Gerry & Mariano, attorneys).
The opinion of the court was delivered by GOLDMANN, S.J.A.D.
Plaintiff instituted a proceeding in lieu of prerogative writs in the Superior Court, Law Division, Camden County, on March 28, 1967, to require defendant township clerk to accept the filing of her nominating petitions and to accord her the same rights as any other candidate for election on May 9, 1967 to the office of councilman-at-large. The matter was promptly scheduled for argument on April 3, 1967. On that date Eugene Feldman moved for leave to intervene. The motion was granted, he immediately filed an answer, and the case proceeded to a full hearing before Assignment Judge Schalick. At the conclusion of that hearing, and after considering the briefs and arguments of counsel, the judge determined that the last *488 day for filing nominating petitions was March 27, 1967, in light of the fact that March 24 (which would have been the last date for filing) fell on Good Friday. He thereupon entered the order here under appeal, so declaring and ordering that plaintiff's petitions be considered as having been filed with defendant clerk as of March 27. He further ordered that after the petitions had been determined to be valid, plaintiff was to be accorded the same rights as any other candidate for election. This appeal followed.
At the close of the oral argument we announced that Judge Schalick's order would be affirmed, briefly stating the reasons which are more fully developed in this formal opinion.

I
The facts are uncontroverted. Cherry Hill Township adopted one of the plans set out in the Faulkner Act (N.J.S.A. 40:69A-1 et seq.) and is presently governed by Article 9, the Council-Manager Plan A form (N.J.S.A. 40:69A-81 to 98). Article 17 of the act (N.J.S.A. 40:69A-150 et seq.) contains the provisions common to all optional plans. N.J.S.A. 40:69A-153 deals with regular municipal elections and provides, in pertinent part, as follows:
"At least 46 days prior to the regular municipal election * * * the names of candidates for all offices shall be filed with the municipal clerk, before 4:00 P.M. of such days in the manner and form and under the conditions hereinafter set forth * * *."
That section goes on to require that nominating petitions must be signed by at least 1%, but in no event less than 10, of the registered voters of the municipality, and sets out the form of the petition.
It was stipulated that plaintiff's petitions contained 270 signatures (219 were required), but their validity had not yet been determined by the township clerk. All agree that the 46th day before the May 9 municipal election was March 24, and that day was Good Friday.
*489 Plaintiff appeared at the township clerk's office on Wednesday, March 22, to pick up petition forms. At that time the clerk told her the office would be closed on March 24 because it was a legal holiday, but that he would make arrangements to be there to accept the petitions of any candidate who wanted to file on that date. It is uncontroverted that all the township offices were closed on Good Friday except for the police department; there was a sign on the clerk's office reading, "Legal Holiday. Good Friday."
Plaintiff called the clerk at his home between 9 and 10 A.M. on Friday, March 24, to make arrangements for filing her petitions. He informed her that he expected some of the candidates around 3 P.M., whereupon plaintiff said she would prefer appearing later because she did not want to encounter any of them. The clerk said he expected the candidates to be gone by 3:30. Plaintiff phoned again at 3:30 and was told by the clerk that they were still in his office. She said she would wait until the last possible minute and come over. She arrived at the township building parking lot at 3:55 P.M., found a parking space, and then walked into the building through an entrance at the opposite end of the corridor from the clerk's office. She testified that she entered the building at 3:58 or 3:59 P.M., made her way past some 15 or 20 people outside the clerk's office, entered the office and presented her petitions to the clerk. There were some 10 or 11 persons inside the office. The clerk informed her that the deadline had passed and that it was then 4:05 P.M. He would not accept her petitions.
Plaintiff reappeared at the clerk's office on Monday, March 27, at about 9:15 A.M., and again presented her petitions. The clerk received them "provisionally," stating that he had to obtain a ruling as to whether he could legally accept them. Plaintiff was informed the next day that her petitions would not be accepted but would be kept for safekeeping pending the outcome of any litigation that might ensue.
Defendant clerk testified that plaintiff presented her nominating petitions at 4:05 P.M. on March 24, the correct time *490 having been determined by one of those present in his office phoning the telephone company. He affirmed that the township offices were not open that day because of the Good Friday holiday. He had gone to his office at about 10 A.M. to clean up some loose ends of work, left at about 11:30 and returned at 2 P.M. He more specifically stated that his office was not open for the transaction of any public business  a sign on the door informed the public that it was a legal holiday. He was present after 2 P.M. to accept any nominating petitions that might be filed. In answer to a question whether the activities of his office in preparing for the May 9 election would have in any way been affected by accepting plaintiff's petitions at 4:05 P.M., his answer was "I hardly think so," although he had had in mind the possible holding of a drawing for positions on the ballot. The clerk further testified that he had requested an opinion from the township attorney as to the date and time for the filing of petitions, and had been informed that March 24 at 4 P.M. was the deadline.
Defendant clerk has taken what he describes as a neutral position in this litigation. The main argument on appeal has been made by defendant-intervenor Feldman, who contends that the complaint should have been dismissed because plaintiff did not file her nominating petitions before 4 P.M. on March 24.

II
The Faulkner Act nowhere provides for a situation where the 46th day prior to the municipal election falls on a legal holiday. It is therefore necessary to look to any legislation that might reasonably be considered in pari materia with N.J.S.A. 40:69A-153. This was the approach taken by the trial judge.
N.J.S.A. 40:69A-26 provides that upon the adoption of any of the municipal forms of government set out in the Faulkner Act, "the municipality shall thereafter be governed by the plan adopted, by the provisions of this [Faulkner] act common to optional plans and by all applicable provisions *491 of general law * * *." N.J.S.A. 40:69A-28 defines "general law" as "any law or provision of law, not inconsistent with this act, heretofore or hereafter enacted which is by its terms applicable or available to all municipalities * * *."
The Legislature has declared that Good Friday shall be a legal ("public") holiday "for all purposes whatsoever as regards the transaction of business in the public offices of this State, or counties of this State." N.J.S.A. 36:1-1. (We note, in passing, that R.S. 36:1-2 provides that "Any person or corporation may transact either private or public business in this state on any designated holiday * * * in the same manner as on any other day of the week on which it is lawful to transact such business.")
Defendant intervenor contends that N.J.S.A. 36:1-1 may not be considered in resolving this case because it omits any reference to municipalities. We consider such omission as inadvertent and of no significance; to hold otherwise might very well lead to a claim that the statute sets up an invidious classification, there being no rational relation between declaring certain days to be legal holidays and then limiting such declaration to state and county offices only. We take judicial notice of the fact that Good Friday is and has been observed as a legal holiday in all public offices throughout the State, including municipal offices. Indeed, Cherry Hill Township follows that universal practice; its administrative offices were closed on March 24, and the public had so been informed by posted signs. That there is an inadvertent omission in N.J.S.A. 36:1-1 is indicated by a new section supplementing Title 36, "Legal Holidays," added by L. 1946, c. 129, as amended, and which declares that Saturdays shall, "for all purposes whatsoever as regards the transaction of business in the public offices of this State, and the counties and municipalities in this State," be considered as public holidays.
This brings us to a consideration of the Election Act, a "general act" within the meaning of N.J.S.A. 40:69A-28 of the Faulkner Act. As the late Chief Justice Vanderbilt *492 stated in Horwitz v. Reichenstein, 15 N.J. 6, 10 (1954), the Faulkner Act cannot be construed as an entirely independent legislative scheme, separate and apart in every respect from the general election laws, but necessarily depends upon them. Section 19:11-1 of the Election Act provides that should the day for filing any petition required to be filed in any office fall upon any legal holiday, such filing shall be effected upon the next following business day. In the present case, the next business day was Monday, March 27, the day plaintiff reappeared in the township clerk's office with her nominating petitions.
Reading the several statutory provisions to which we have referred as in pari materia, we agree with the trial judge that plaintiff's petitions should have been accepted by the township clerk on March 27.

III
We do not choose to rest our affirmance on that ground alone. Although plaintiff brought her difficulty on herself by delaying filing until the last moment on Friday, March 24, the township clerk's refusal to accept her petitions because she appeared in his office five minutes after 4 P.M. runs counter to the liberal policy developed by our courts in recent years with respect to election matters.
Election laws are to be liberally construed so as to effectuate their purpose and not so as to deprive voters of their franchise or render an election void for technical reasons. Kilmurray v. Gilford, 10 N.J. 435, 440 (1952), followed in Wene v. Meyner, 13 N.J. 185, 197 (1953). See also such opinions of this court as Sharrock v. Borough of Keansburg, 15 N.J. Super. 11, 19 (1951); In re Moore, 57 N.J. Super. 244, 251-52 (1959); In re General Election in Bethlehem Tp., 74 N.J. Super. 448, 463-464 (1962), and In re Chirico, 87 N.J. Super. 587, 593 (1965). This expressed policy is equally applicable to the present case involving the late filing, by a few minutes, of nominating *493 petitions. Cf. In re Appl'n of Cucci, 92 N.J. Super. 223 (Law Div. 1966). Those who signed the petitions because they believed in plaintiff's candidacy, and those voters of Cherry Hill Township who would want to express their confidence in her at the polls on May 9, 1967, should not be deprived of their privileges by so minor a deviation from the Faulkner Act's 46-day-4 P.M. provision.
As we view that provision in N.J.S.A. 40:69A-153, it is ministerial at best, in order to accommodate the normal functions of the municipal clerk's office. We do not consider the statute as an absolute mandate that no petition may be accepted, even if it be filed one minute after 4 P.M. (Counsel for the clerk stated at oral argument that had plaintiff presented her petitions even seconds after 4 P.M., they should not have been accepted.) We perceive nothing that even minimally interfered with the regular course of the clerk's office in dealing with the details of the coming municipal election by his being required to accept nominating petitions presented only a few moments after the hour. The clerk remained in his office until 5:30 and, as noted, admitted that the activities of his office in preparing for the May 9 election would "hardly" have been in any way harmed by accepting the petitions.
Common sense and a proper concern for the rights of the electorate compels the conclusion that the clerk should have accepted plaintiff's petitions for filing on the Friday afternoon in question.
The order under appeal is affirmed.