116 N.J. Super. 133 (1971)
281 A.2d 279
IN THE MATTER OF PETITION OF THOMAS F.X. SMITH, MUNICIPAL CLERK OF THE CITY OF JERSEY CITY
IN RE: SPECIAL ELECTION OF THE CITY OF JERSEY CITY, PETITIONER-RESPONDENT,
v.
FRANCIS X. HAYES, DEFENDANT INTERVENOR-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted August 20, 1971.
Decided August 31, 1971.
*135 Before Judges KILKENNY, HALPERN and LANE.
Mr. James F. Ryan, Corporation Counsel, for respondent (Mr. Louis P. Caroselli, Second Assistant Corporation Counsel, on the brief).
Mr. Francis X. Hayes, pro se.
PER CURIAM.
Defendant-intervenor is appealing from a declaratory judgment ordering that elections in Jersey City to fill vacancies in the office of the mayor and office of a councilman-at-large shall be conducted according to Title 19, the General Election Law.
The issue is whether the procedural nomination requirements for candidates in an election for vacant offices under a Faulkner Act Mayor-Council Plan C form of government, N.J.S.A. 40:69A-55 to 60.4, are to be governed by the provisions of Title 19, relating to direct nominations by petition for a general election, or whether procedural nomination requirements of the Faulkner Act, N.J.S.A. 40:69A-153 to 162, applying to candidates seeking office in a regular municipal election, shall apply.
The statute in question is N.J.S.A. 40:69A-60 governing vacancies in elective offices in a "Mayor-Council Plan *136 C" form of municipal government. The statute provides that:
Vacancies in any elective office occurring prior to the ninth Friday before general election day of any year shall be filled by election for the unexpired term at the next general election except as hereinafter otherwise provided. Such election to fill a vacancy shall be upon direct nomination by petition in the manner provided by law for the filling of vacancies in municipal offices where candidates are nominated by direct petition for a general election. Council shall fill such vacancies temporarily by appointment to serve until the qualification of a person so elected.
When any such vacancy occurs on or after the ninth Friday before general election day, it shall be filled by election for the unexpired term at the general election to be held in the following year, but if it occurs on or after such Friday in the third year of the term of such office, the council shall fill such vacancy by appointment to serve for the remainder of the term. [Emphasis added]
Defendant-intervenor seemingly argues that the legislative language in N.J.S.A. 40:69A-60 is inconsistent and ambiguous; that the Legislature intended that the procedural nomination requirements of the Faulkner Act, not Title 19, apply to elections for vacancies, and that an election for a vacancy under N.J.S.A. 40:69A-60 is a "regular municipal election" governed by the provisions of N.J.S.A. 40:69A-153, 154, 155, 156, 157, 158 and 159.1.
Judge Rosen ruled in the Law Division that Title 19 applied and that the nominations had to be made in accordance with its provisions.
Initially we observe that whenever a court is called upon to decide an election law issue, its function is rather narrow. If the statute in question is clear, the will and intent of the Legislature must be enforced. If the statute is ambiguous or conflicts with some other law, then the court must consider the election laws as being in pari materia and arrive at the intent of the Legislature. Rafferty v. Schatzman, 81 N.J. Super. 58 (Law Div.), aff'd 81 N.J. Super. 64 (App. Div. 1963).
The Faulkner Act, N.J.S.A. 40:69A-1 et seq., was adopted as an essentially integral, comprehensive plan for *137 local government. Its different cognate provisions, adopted at one time, lend significance to each other. Seminara v. Smith, 89 N.J. Super. 349 (App. Div. 1965). However, the Faulkner Act cannot be construed as an entirely independent legislative scheme, separate and apart in every respect from the General Election Law; rather, it necessarily depends upon them. Horwitz v. Reichenstein, 15 N.J. 6 (1954); Pritel v. Burris, 94 N.J. Super. 485 (App. Div. 1967). In addition, N.J.S.A. 40:69A-26 provides that upon the adoption of any of the municipal forms of government set out in the Faulkner Act, "the municipality shall thereafter be governed by the plan adopted, by the provisions of this [Faulkner] act common to optional plans and by all applicable provisions of general law * * *." N.J.S.A. 40:69A-28 defines "general law" as "any law or provision of law, not inconsistent with this act, heretofore or hereafter enacted which is by its terms applicable or available to all municipalities."

I
N.J.S.A. 40:69A-60 on its face is not ambiguous or inconsistent. It clearly provides that any election to fill vacancies, pursuant to it, "shall be upon direct nomination by petition in the manner provided by law for the filling of vacancies in municipal offices where candidates are nominated by direct petition for a general election * * *." (Emphasis added).
Title 19, Subtitle 2, governs general elections. N.J.S.A. 19:13-1 to 13 governs direct nominations by petition. N.J.S.A. 19:27-4 to 12 governs filling of vacancies; specifically, N.J.S.A. 19:27-11 provides that
In the event of any vacancy, howsoever occurring, in the representation of any county in the Senate or General Assembly or in any county or municipal office * * * candidates may also be nominated by petition in a similar manner as herein provided for direct nomination by petition for the general election; but the petition shall be filed with the county clerk at least thirty-four days prior to such general election * * *
*138 Title 19 thus clearly provides for the filling of vacancies in municipal offices where candidates are nominated by direct petition for a general election. The provisions of the Faulkner Act which defendant seeks to apply to the vacancy election, i.e., N.J.S.A. 40:69A-153 to 159.1, just as clearly provide for certain procedures in a "regular municipal election." It is clear that the language in N.J.S.A. 40:69A-60 must be construed to state that the vacancy election shall be by direct nominations in the manner provided by Title 19.
The New Jersey Supreme Court has interpreted N.J.S.A. 40:69A-60 in a similar manner. In Horwitz v. Reichenstein, 15 N.J. 6 (1954), Chief Justice Vanderbilt said, although dictum:
The Faulkner Act, moreover, does not purport to stand alone, despite the appellant's contention to the contrary. Thus it provides that "the municipal elections shall be * * * conducted in the same manner, so far as possible, as the general election." N.J.S.A. 40:69A-151. It also provides that elections to fill vacancies or to replace officers who are recalled by the voters are to be conducted under the general election laws, N.J.S.A. 40:69A-60 and 40:69A-175 * * *. [15 N.J., at 9, 10; emphasis added]

II
Defendant-intervenor also argues that an election to fill a vacancy is a "regular municipal election" and thereby controlled by N.J.S.A. 40:69A-153 to 159.1. In Seminara v. Smith, 89 N.J. Super. 349 (App. Div. 1965), involving an interpretation of N.J.S.A. 40:69A-114, which language is essentially the same as N.J.S.A. 40:69A-60, the court, in holding that the election to fill a vacancy was not a "regular municipal election," ruled that N.J.S.A. 40:69A-160 and 161, governing runoff elections after a regular municipal election, did not apply to a vacancy election. The court found an election to fill a vacancy under the Faulkner Act to be separate and distinct from a "regular municipal election" for a full new term, noting that "entirely *139 different provisions govern the method of nomination of candidates for offices in connection with `regular municipal elections,' N.J.S.A. 40:69A-152, as compared with the comparable provision for nomination of candidates for an election to fill a vacancy as specified in Section 114 * * *." (At 355).
See also Hambright v. Martini, 5 N.J. Super. 609 (Law Div. 1949).
Deefndant-intervenor argues that Seminara v. Smith, supra, should be limited to the narrow issue of whether the vacancy election therein was a "regular municipal election" within N.J.S.A. 40:69A-160 and 161. However, that case and other authorities cited clearly indicate that a vacancy election is not a "regular municipal election." Very clearly the point was that the vacancy election provisions of N.J.S.A. 40:69A-114, which are identical to those of N.J.S.A. 40:69A-60, are per se separate and distinct from the "regular municipal election" provisions, i.e., N.J.S.A. 40:69A-150 to 163.

III
It should also be noted that in Mayor-Council Plans B, N.J.S.A. 40:69A-49 to 54, and D, N.J.S.A. 40:69A-61 to 67, and Council-Manager Plans B, N.J.S.A. 40:69A-99 to 103, and D, N.J.S.A. 40:69A-109 to 114, the Legislature specifically provided for vacancy elections at the next general election or at the regular municipal election, and that "whenever such elections to fill a vacancy shall be at the general election, the nomination of candidates shall be by petition in the manner provided by law for the filling of vacancies in municipal offices where candidates are nominated by direct petition for a general election." In the other specified nonpartisan forms of government the Legislature provided only for vacancy elections to be held at a general election, providing that "such election * * * be upon direct nomination by petition in the manner provided *140 by law for the filling of vacancies in municipal offices where candidates are nominated by direct petition for general elections." Thus the Legislature has unambiguously indicated its intent that where a vacancy election is held at a general election, the nomination petition shall be in the manner provided by the general election laws of Title 19. The vacancy election shall be filled by an election at a general election, and the procedures thereof shall apply.

IV
N.J.S.A. 19:27-11 provides that
In the event of any vacancy howsoever occurring, in the representation of any county in the Senate or General Assembly or in any county or municipal office, which vacancy shall occur after the last day for filing petitions for nominations for the primary election and prior to thirty-seven days preceding the general election * * * candidates may also be nominated by petition in a similar manner as herein provided for direct nomination by petition for the general election; but the petition shall be filed with the county clerk at least thirty-four days prior to such general election * * *.
Defendant-intervenor argues that since N.J.S.A. 19:27-11 becomes operative only if the vacancy occurs "after the last day for filing petitions for nominations for the primary election and prior to thirty-seven days preceding the general election," this section of the election law would not apply to a vacancy occurring prior to the primary date this year, June 7. The implication is that if N.J.S.A. 19:27-11 is inoperative, the nominating procedures of Title 19 also are. The argument is: Were a vacancy to occur before June 7, one would be left with a situation in which N.J.S.A. 40:69A-60 indicates Title 19 should apply, and N.J.S.A. 19:27-11 indicates Title 19 should not apply. (The vacancies herein occurred on July 5, 1971 upon conviction of the former mayor and councilman-at large.)
*141 N.J.S.A. 40:69A-60 indicates, however, that where a vacancy election is held pursuant to N.J.S.A. 19:27-11, the election shall be by direct nomination, and the procedures for such a nomination shall be those procedures followed in the filling of vacancies in municipal offices where candidates are nominated by direct petition for a general election. Candidates for a municipal office vacancy may be nominated by direct nomination for a general election pursuant to N.J.S.A. 19:13-1 to 13. The fact that in some instances N.J.S.A. 19:27-11 may not apply where there is a vacancy in a municipal government other than one acting under the Faulkner Act, does not affect the directive in N.J.S.A. 40:69A-60 to use the nominating procedures provided for in Title 19, i.e., N.J.S.A. 19:13-1 to 13.
These procedures, as the Law Division ruled, (1) would require only 100 signers on a nominating petition, rather than signatures by 1% of the registered voters (1105 in Jersey City); (2) would need a verification of the petitions by five signers thereof, and (3) the filing would be with the county clerk rather than the municipal clerk.

V
In his supplemental memorandum defendant-intervenor raises for the first time the argument that the provisions of N.J.S.A. 19:13-7, as to the need of a verification by five signers, are unconstitutional as a denial of equal protection of the law. A defense that was not briefed and argued in the trial court proceedings and does not concern jurisdiction or public policy should not be considered for the first time on appeal. Appellate courts are not bound to consider constitutional questions that have not been raised below. Mancuso v. Rothenberg, 67 N.J. Super. 248, 257 (App. Div. 1961). However, an appellate court may exercise such original jurisdiction as is necessary to the complete determination of any matter on review R. 2:10-5.
*142 The requirement of equal protection is satisfied if all persons within a class reasonably selected are treated alike. Classification is reasonable if it rests upon some ground of difference having a real and substantial relation to the basic object of the particular enactment or on some relevant consideration of public policy. If there is a reasonable distinction, there is no oppressive discrimination. The Legislature has a wide range of discretion in this area and distinctions will be presumed to rest upon a rational basis if there be any conceivable state of facts which would afford reasonable support for them. Wilson v. Long Branch, 27 N.J. 360, 377 (1958), cert. den. 358 U.S. 873, 79 S.Ct. 113, 3 L.Ed.2d 104; Robson v. Rodriquez, 26 N.J. 517 (1958).
Defendant-intervenor's argument is without substantial merit. The statute applies equally to the petitions of all candidates who are nominated by direct petition for a general election. The classification is certainly reasonably related to the election procedures of Title 19. The fact that N.J.S.A. 19:13-7 is the only verification law which requires five witnesses to the signatures made to the petition is not sufficient to make it unconstitutional. It certainly can be said that it was reasonable for the Legislature to provide for a strong verification procedure where candidates for a general election are being nominated by direct petition and no more than 100 signatures are required.
The judgment of the Law Division is affirmed.