126 N.J. Super. 20 (1973)
312 A.2d 659
ALEXANDER MANZO, PLAINTIFF-APPELLANT,
v.
CALVIN D. EDDINFIELD, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted October 29, 1973.
Decided December 6, 1973.
Before Judges LYNCH, MEHLER and MICHELS.
Joseph Buttafuoco, attorney for appellant.
Messrs. Gurry and Conlan, attorneys for respondent (Mr. Thomas P. McHugh on the brief).
PER CURIAM.
Plaintiff appeals from an order of the Hudson County District Court denying his motion for payment out of the Unsatisfied Claim and Judgment Fund *21 (Fund). He had recovered a $1,500 judgment against the uninsured defendant herein for property damage to his automobile.
The sole ground for denial of payment from the Fund, as stated in the court's order, was that "at the time of the accident and damage to his vehicle, plaintiff was unable to establish that he was covered by liability insurance, a prerequisite to payment from the Unsatisfied Claim and Judgment Fund." The Fund contends that he was not entitled to payment "if his vehicle was uninsured at the time of the accident." It also argues that N.J.S.A. 39:6-70(d) bars recovery by plaintiff. It is said that an applicant for payment must meet the provision of that subsection to the effect that (so far as pertinent here): "(d) He was not at the time of the accident, operating or riding in an uninsured motor vehicle owned by him or his spouse, parent or child * * *." (Emphasis added). And, it is argued, plaintiff failed to sustain his burden to establish that he was a "qualified person" within that subsection.
The pertinent facts here are undisputed. Plaintiff's parked vehicle was struck and damaged by another uninsured vehicle on January 9, 1966. It had been parked by plaintiff's son who had gone to a diner across the street from where it was parked. Plaintiff did not accompany his son. No one was in the car when it was hit.
After judgment against defendant in the suit against the uninsured driver, plaintiff moved for payment from the Fund. The motion was adjourned several times for the reason that it was considered that, in order to succeed, plaintiff had to prove that he was insured at the time of the accident and plaintiff was given time to establish that fact. We do not reach the question as to whether plaintiff's proofs established that he was, in fact, insured (the proofs were equivocal on this issue) because we hold that the mere fact that plaintiff was uninsured does not bar his recovery and, under the circumstances of this case, plaintiff has satisfied the relevant *22 subparagraph (d) of N.J.S.A. 39:6-70. In other words we hold that, in the context of that subparagraph, plaintiff need not show that he was insured to be a "qualified person." To comply therewith all he has to establish is that: (a) "He [plaintiff owner of the car, (b)] was not at the time of the accident, operating or riding in, [c] an uninsured vehicle, [d] owned by him or his spouse, parent or child * * *." (Emphasis added). Thus, if we assume, as we do here, that plaintiff's car was uninsured, he will not be barred from recovery unless he was "operating or riding in" that uninsured vehicle.
The fundamental error in the Fund's defense is its contention that all uninsured owners of automobiles are precluded from recovery against the Fund. On a superficial consideration, involving one overall concept of the purpose of the Fund act, i.e., to influence uninsured drivers and owners to obtain insurance (cf. Robson v. Rodriquez, 26 N.J. 517 at 525-526), the argument is understandable. But, the legislative enactment does not bar all uninsured owners from recovery from the Fund. If that were the intention it could have been accomplished by clearly saying so, e.g., that no uninsured owner may recover, etc. All that the statute says, in this context, is that a certain class of uninsured owners may not recover from the Fund, i.e., those who are "riding in or operating" an uninsured vehicle may not recover.
That not all uninsured owners are precluded from recovery from the Fund was recognized in Robson v. Rodriquez, supra. The court there said:
The fact that the classification does not preclude all uninsured owners of motor vehicles from recovery does not impair its constitutional validity. It is the operation or use of a motor vehicle by an uninsured owner that results in his preclusion from recovery under subsection (d). The Legislature may have concluded that an owner who is not present in his vehicle and could exercise no control over it at the time of an accident is not as great a hazard to either the public or the Fund as an owner who is present in his vehicle at the time of the accident. It is also conceivable that the Legislature did not wish to make mere ownership of an uninsured motor vehicle the *23 test of exclusion, as it may have considered the possibility that an uninsured owner might permit his vehicle to be operated by an insured driver when the owner is not present. Or that the vehicle might be damaged when not in operation  when it is parked or garaged. That the motor vehicle might be stolen or operated by one without the owner's permission is also conceivable. It may be, too, that the Legislature determined that the preclusion from recovery from the Fund by an owner who sustains injury or damage while he is operating or riding in his uninsured vehicle would probably be sufficient to induce the procurement of liability insurance and thus further the legislative objective of mitigating the evil which necessitated the act without enlarging the classification to include all uninsured owners. [At 525; emphasis added]
The foregoing construction of subsection (d) conforms to the statutory language and peculiarly fits the circumstances here. At the time of the accident the "operation and use" of the vehicle was not by plaintiff but by his son. Plaintiff was "not present" in the vehicle and "could exercise no control over it at the time of the accident," and the car was damaged "when it [was] parked." All of these considerations dictate that the Legislature did not intend that plaintiff be precluded from recovery. Lastly, Robson constituted a clear and authoritative interpretation of the statute, pronounced in 1958, and it has not been amended since. Construction of a statute by the courts, supported by long acquiescense on the part of the Legislature or failure to amend, while not conclusive, is persuasive evidence that such construction is in accordance with the legislative intent. Lemke v. Bailey, 41 N.J. 295, 301 (1963).
There remains the question as to whether it may be said that plaintiff nevertheles may be said to have been "operating and riding in" his car at the time of the accident although it was in his son's possession. Mere statement of the question would seem to answer itself. But the Fund answers the question in the affirmative, citing Gilbert v. Unsatisfied Claim and Judgment Fund Board, 85 N.J. Super. 143 (App. Div. 1964), certif. den. 44 N.J. 403 (1965), Stupin v. Sanchez, 113 N J. Super. 84 (App. Div.), aff'd o.b. 59 N.J. 240 (1971), and Robson v. Rodriquez, supra.
*24 None of the cited cases is apposite. In Gilbert the infant plaintiff was a passenger in an uninsured vehicle which her mother had parked at the curb while she went into a store to purchase candy for her daughter. In the meantime, the car was struck by an automobile owned and driven by uninsured persons. The court held that in the plain and ordinary meaning of the word the infant plaintiff was "riding" in the car "in the same way a person on a journey would commonly and ordinarily be said to be riding, even though her progress forward was temporarily stopped by an obstacle in the road, or by stopping to make inquiry, or by stopping at a traffic light." 85 N.J. Super. at 151. Plaintiff here was not in the car at the time of the accident. In Stupin defendant was an uninsured motorist who ran over plaintiff (also uninsured) while plaintiff was changing a flat tire on his car which he had been driving. The court held that plaintiff was "operating" the car because, as the court said: "Fixing the flat tire was part of operating the car to enable plaintiff to get home." 113 N.J. Super. at 85. And in Robson the Supreme Court held that to permit recovery by an administrator ad prosequendum of the decedent who had been killed while operating the uninsured vehicle would reach an absurd result when admittedly decedent herself could not have recovered for her injuries if she had lived As said above, the court in Robson did not consider it irrational, or contrary to the legislative intent, to permit an owner of an uninsured vehicle to recover for its damage if it was struck when parked, and the owner was not present or exercising any control over the car. That is the situation here. Plaintiff was not "riding" in the uninsured vehicle as was plaintiff in Gilbert, nor was he "operating" it, as was plaintiff in Stupin. Therefore, he is a "qualified person" under N.J.S.A. 39:6-70(d), and is entitled to payment of his damages from the Fund.
The order denying plaintiff's motion for payment by the Fund of the $1,500 judgment is reversed and the matter remanded for entry of an order directing such payment by the Fund. No costs.